**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4156**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TONY CURTIS BOWEN,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00020-JAB-1)

———————————

Submitted:  September 9, 2015          Decided:  September 11, 2015

———————————

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Curtis Bowen pled guilty to distributing cocaine base and possessing a firearm by a convicted felon.  He received a 51-month sentence.  Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, certifying that there are no meritorious issues, but questioning whether the district court abused its discretion in denying Bowen's motion to withdraw his guilty plea.  Finding no error, we affirm.

"A defendant has no absolute right to withdraw a guilty plea."  United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted).  Rather, once the district court has accepted a guilty plea, it is within the court's discretion whether to grant a motion to withdraw it based on the defendant's showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).  When considering whether to allow a defendant to withdraw a guilty plea, the trial court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

2

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (citations omitted). Although all of the Moore factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

We have reviewed the record on appeal and the parties' arguments, and we conclude that the district court did not err in determining that Bowen's plea was knowingly and voluntarily entered, that he had close assistance of competent counsel, and that he failed to make a credible showing of legal innocence. We conclude that the district court properly weighed the Moore factors and did not abuse its discretion in denying Bowen's motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (reviewing Moore factors and applying abuse of discretion standard). Accordingly, we affirm the district court's denial of the motion to withdraw the plea.

In accordance with Anders, we have reviewed Bowen's pro se claims and the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bowen's conviction and sentence. This court requires that counsel inform Bowen, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowen

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED